UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginold Darnell Hoover, #923377, | ) C/A No. 4:09-1132-SB-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Lexington County Detention Center, Sgt. Clawson, Sheriff Metts, Inmate L. Sumpter, Nurse Monia last name N/A a/k/a Monica, F. Anderson, | ) |
| Defendants. | ) |

The plaintiff, Reginold Darnell Hoover, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Lexington County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name several employees of Lexington County as defendants.[2] The plaintiff claims that the defendants failed to protect him from an attack by a fellow inmate and that the defendants were deliberately indifferent to his serious medical needs. The complaint should be dismissed for failure to state a claim on which relief may be granted, immunity, and repetitiveness.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff alleges that on March 14, 2009, another "inmate" L. Sumpter attacked him and knocked him unconscious and that his jaw was broken in several places. Plaintiff alleges that defendant Anderson witnessed the attack. Plaintiff alleges that this same inmate Sumpter had attacked another inmate three weeks prior and had spent nine days in confinement before being returned to the same cell. He also alleges that defendants Clawson and Nurse Monica assisted him after the attack but that they only gave him an ice pack and did not treat his case as the emergency that it was. Plaintiff alleges that it was several days before a medical professional determined that his jaw was broken which caused him extreme pain and that he had facial surgery on April 2, 2009.

Plaintiff alleges that the two security cameras located in Pod F were not "turned in the direction of the incident." Thus, the plaintiff argues that the security was lacking. Plaintiff alleges that the detention center is overcrowded. The plaintiff claims to bring this action "on the grounds of negligence on behalf of Lexington County Detention Center," and he seeks $30,000.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment imposes affirmative obligations on states for the treatment of pre-trial detainees.[3] A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process. *Block v. Rutherford*, 104 S.Ct. 3227, 3231 (1984). "'[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* (quoting

---

[3] While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375 at *3 (D.S.C. Feb. 15, 2006).

*Bell v. Wolfish*, 99 S.Ct. 1861 (1979)). The United States Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees) when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) "a prison official must have a 'sufficiently culpable state of mind.' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted). The Fourth Circuit Court of Appeals held that "only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001).

In this action, while the plaintiff alleges serious allegations of harm, the plaintiff has a **pending** lawsuit in this court against several of the same defendants raising almost identical claims arising out of the same facts. *See Hoover v. C.C.S. Correct Care Solutions, Inc.*, C/A No. 4:09-1091-SB-TER (D.S.C.) (naming three of the same defendants – Nurse Monica, F. Anderson, and Sgt. Clawson).[4] Following close review of the allegations contained in the complaint filed in this case, it is clear that this case is mostly duplicative of Civil Action No. 4:09-1091-SB-TER. This court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

---

[4] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Lab. Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). The plaintiff will have a full opportunity to litigate his claims against defendants Clawson, Nurse Monica, and F. Anderson within the appropriate confines of applicable court procedures, in Civil Action No. 4:09-1091-SB-TER. Therefore, this action should be dismissed without prejudice as to defendants Clawson, Nurse Monica, and F. Anderson.

Additionally, defendant Sheriff Metts has Eleventh Amendment immunity and the plaintiff seeks money damages from him. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As a state actor, Sheriff Metts in his official capacity is immune from suit under the Eleventh Amendment to the United States Constitution which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."); *see also Morstad v. Dept. of Corr.*, 147 F.3d 741, 744 (8th Cir. 1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability").

Plaintiff does not assert a cause of action against Metts in his individual capacity. Thus, defendant Metts should be dismissed from this action without prejudice.[5]

Lastly, this complaint should be dismissed for failure to state a claim on which relief may be granted as to defendants Lexington County Detention Center and Inmate L. Sumpter. It is well settled that only "persons" may act under color of state law and therefore a defendant in a Section 1983 action must qualify as a "person." The defendant "Lexington County Detention Center" is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Further, a fellow inmate or detainee does not act under color of state law no matter how wrongful his action because the inmate is a private individual, not a state actor, and his conduct is not fairly attributable to the State. *Cf. American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Therefore, the plaintiff failed to state cognizable claims pursuant to § 1983 against defendants Inmate Sumpter and Lexington County Detention Center.

## Recommendation

Accordingly, this court recommends that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after

---

[5]To the extent Plaintiff seeks to raise claims against defendant Metts in his individual capacity, he should do so in his previously filed action, *Hoover v. C.C.S. Correct Care Solutions, Inc.*, C/A No. 4:09-1091-SB-TER (D.S.C.), in accordance with the Federal Rules of Civil Procedure.

7

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the important notice on the next page.**

                                                                  s/Thomas E. Rogers, III
                                                                 Thomas E. Rogers, III
                                                                 United States Magistrate Judge

May 12, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).